IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SARAH LYNNE HANSON, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:21-cv-00245-RSP |
| WERNER ENTERPRISES, INC. and ANGELO MIGUEL FLORES, | § § § § | |
| *Defendants*. | § § | |

## **MEMORANDUM ORDER**

Before the Court defendants Werner Enterprises, Inc. and Angelo Miguel Flores move for entry of partial summary judgment. Dkt. No. 51. For the following reasons, the motion is **GRANTED IN PART**.

**I.     Background**

This lawsuit arises out of a motor vehicle accident that occurred on August 13, 2019, in Morris County, Texas, wherein plaintiff Sarah Lynne Hanson alleges she was travelling south on U.S. Highway 259 and, as she approached the intersection with the I-30 West exit ramp, Flores failed to yield at a stop sign and struck her tractor-trailer causing bodily injury. At the time of this incident, Flores was operating a vehicle in the course and scope of his employment with Werner Enterprises. Hanson alleges that Flores was negligent in the operation of his vehicle, that Werner Enterprises was negligent in hiring, training, supervising, retaining, and entrusting Flores. She further alleges that Werner Enterprises was negligent in failing to maintain the tractor-trailer in a reasonably safe and prudent manner in violation of the Texas Transportation Code and Federal Motor Carrier Safety Regulations, and that the actions of Flores and Werner Enterprises equate to gross negligence.

1

Werner Enterprises and Flores move for partial summary judgment claiming that the law does not support the claim of, and/or the evidence fails to establish (1) gross negligence by Flores and by Werner Enterprises, via *respondeat superior*, (2) gross negligence by Werner Enterprises directly, (3) direct negligence by Werner Enterprises, (4) negligent hiring, training, supervision, retention, and entrustment of Flores by Werner Enterprises, and (5) negligence *per se*. Dkt. No. 51. Hanson filed a response, Dkt. No. 55, to which defendants filed a reply, Dkt. No. 58. Accordingly, the motion is fully briefed.

## II.   Summary Judgment Standard

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

to negate the elements of the nonmovant's case and may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's causes of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n.16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; see also Fed. R. Civ. P. 56(c). Upon the shifting burden, "unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); see also *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v.*

*Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

Finally, under the Court's local rules, a failure to respond "creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition." E.D. Tex. L.R. CV-7(d).

**III.   Analysis**

Defendants contend that they are entitled to summary judgment on Hanson's claims of (1) gross negligence against Flores and via *respondeat superior* against Werner Enterprises, (2) gross negligence against Werner Enterprises, (3) direct negligence against Werner Enterprises, (4) negligent hiring, training, supervision, retention, and entrustment of Flores against Werner Enterprises, and (5) negligence *per se*. Dkt No. 51. Because gross negligence hinges on a finding of ordinary negligence, the Court will address each but in a different order than that presented.

**A.   Negligent Hiring, Training, Supervision, Retention, And Entrustment**

Texas law recognizes a cause of action against employers for negligent hiring, training, supervision, retention and entrustment of an unfit or incompetent employee by third parties injured by the employee's negligence. See, *e.g.*, *Endeavor Energy Res., L.P. v. Cuevas*, 593 S.W.3d 307, 311 (Tex. 2019) (discussing negligent hiring); *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n.27 (Tex. 2010) (discussing negligent hiring, training, and supervision); *Moore Freight Servs., Inc. v. Munoz*, 545 S.W.3d 85, 97 (Tex. App.—El Paso 2017, pet. denied) (discussing negligent hiring, supervision, and retention); *Castillo v. Gared, Inc.*, 1 S.W.3d 781, 786 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (discussing negligent hiring, training, and supervision); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007) (discussing negligent entrustment).

The analysis will focus on the risk of harm to third parties resulting from the employer's failure to exercise due care. *Clark v. PFPP Ltd. P'ship*, 455 S.W.3d 283, 287 (Tex. App.—Dallas 2015, no pet.). The employer's negligent hiring, retention, supervision, training or entrustment must have been a proximate cause of the injury. *Morris v. JTM*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002 no pet.); *Dieter v. Baker Serv. Tools, a Div. of Baker Int'l, Inc.*, 739 S.W. 2d 405, 408 (Tex. App.—Corpus Christi 1987, writ denied). However, the employee must also have acted negligently, and "both negligent acts must proximately cause the injury." *Endeavor Energy*, 593 S.W.3d at 311.

Because the defendants do not seek summary judgment against the claim the Flores was negligent, the Court assumes for the purpose of this analysis that Flores was at least negligent.

### i. Negligent Hiring

"An employer owes a duty to its other employees and to the general public to ascertain the qualifications and competence of the employees it hires, especially when the employees are engaged in occupations that require skill or experience and that could be hazardous to the safety of others." *Morris*, 78 S.W.3d at 49. "Therefore, an employer is liable for negligent hiring ... if it hires an incompetent or unfit employee, thereby creating an unreasonable risk of harm to others." Id. (citations omitted). A prerequisite for liability is that Werner Enterprises knew or should have known of Flores' incompetence. See *Moore Freight Servs. Inc.*, 545 S.W.3d at 98; *Mireles v. Ashley*, 201 S.W.3d 779, 783 (Tex. App.—Amarillo 2006 no pet.). In other words, to survive summary judgment Hanson must point to evidence in the record that Flores was incompetent, and that Werner Enterprises knew or should have known of the incompetence. *Id.*

"The possession of a valid, unrestricted driver's license is evidence of a driver's competency absent any evidence to the contrary." *Batte v. Hendricks*, 137 S.W.3d 790, 791 (Tex. App.—Dallas

5

2004, pet denied). The record shows that Flores was a recent graduate from a truck driving school and possessed a valid Florida commercial driver's license. Dkt. No. 51-1 at 4; Dkt. No. 51-2. Hanson argues that Werner failed to properly screen Flores due to a policy to investigate a driver's prior history only in the event of an accident. Dkt. No. 55 at 8-9. However, that argument fails to point to evidence suggesting that Flores was incompetent. Further, the uncontested record of Flores' prior history demonstrates he had no prior accidents, traffic convictions, moving violations, or criminal history. Dkt. No. 51-1. Because Hanson has failed to point to evidence that Flores was incompetent, summary judgment is appropriate with respect to the negligent hiring claim against Werner Enterprises.

### ii.     Negligent Training

Werner Enterprises does not contest the existence of a duty to adequately train. Thus, to survive summary judgment against a claim of negligent training, Hanson must point to evidence suggesting that "a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused [Hanson's] injuries." *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.). Hanson argues that Werner's policies and procedures required it to provide Flores with 275 hours of training, but that Flores only received 84 hours of training; that Flores failed Werner Enterprises' driving skills tests for safety awareness, speed and space management, and basic driving skills multiple times; that the passage of the driving skills test is a prerequisite to driving solo; that Werner Enterprises nonetheless allowed Flores to drive solo without additional training; that circumstantial evidence suggests that Werner Enterprises passed Flores despite unsatisfactory results; and that the mastery of the skills developed in Werner Enterprises' training and testing would have prevented the accident. Dkt. No.

55 at 10-19. These facts are supported by the record and create a genuine dispute of fact. Accordingly, summary judgment is not appropriate on this claim.

### iii. Negligent Supervision

Werner Enterprises does not contest the existence of a duty to adequately supervise. Thus, to survive summary judgment against a claim of negligent supervision, Hanson must point to evidence suggesting that Werner Enterprises failed to supervise Flores and that "failure to supervise [Flores] caused [Hanson's] injuries." *Dangerfield*, 264 S.W.3d at 913. The evidence discussed above, specifically that Flores failed tests for safety awareness, speed and space management, and basic driving skills multiple times; that the passage of the driving skills test is a prerequisite to driving solo; that Werner Enterprise nonetheless allow Flores to drive solo without additional training, Dkt. No. 55 at 10-19, creates a genuine dispute of fact regarding Hanson's claim of negligent supervision precluding summary judgment. Accordingly, summary judgment is not appropriate on this claim.

### iv. Negligent Retention

"An employer is not negligent when there is nothing in the employee's background that would cause a reasonable employer to not hire or retain the employee" *Dangerfield*, 264 S.W.3d at 912. As discussed *supra* Part III.A.i, the Court has already concluded that Hanson failed to create a genuine dispute of a material fact as to Flores' competence at hiring and that the record evidence does not indicate prior accidents, citations, or other issues relating to Flores' ability to competently operate a motor vehicle. Further, the record does not indicate anything that would undermine Flores' competency since hiring. Accordingly, summary judgment is appropriate on the negligent retention claim.

        **v.**        **Negligent Entrustment**

To survive summary judgment against a claim of negligent entrustment, Hanson must point to evidence suggesting (1) entrustment of a vehicle by Werner Enterprises; (2) to an unlicensed, incompetent, or reckless driver; (3) at the time of the entrustment, Werner Enterprises knew or should have known the driver was unlicensed, incompetent, or reckless; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the accident. *Mayes*, 236 S.W.3d at 758. The uncontested record demonstrates that Flores had a valid commercial driver's license from Florida, the possession of which "is evidence of his competency absent any evidence to the contrary." *Batte*, 137 S.W.3d at 791. Hanson has not pointed to record evidence to show that Flores was incompetent or reckless. In the absence of such, Hanson fails to create a genuine dispute of material fact as to the second and third elements. Accordingly, summary judgment is appropriate on this claim.

    **B.**    **Gross Negligence**

Gross negligence is not a separate cause of action from negligence. *Prati v. New Prime, Inc.*, 949 S.W.2d 552, 557 (Tex. App.—Amarillo, 1997, pet. denied). It is a measure of the degree of negligence and is relevant to the recovery of exemplary damages. *RLI Ins. Co. v. Union Pac. R.R. Co.*, 463 F. Supp. 2d 646, 650 (S.D. Tex. 2006). Texas law provides "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from ... gross negligence." Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a). Gross negligence is an act or omission

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> (B) of which the actor has actual subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11).

"Under the objective component, 'extreme risk' is not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury." *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). The subjective prong of gross negligence "requires that the defendant knew about the risk, but the defendant's acts or omissions demonstrated indifference to the consequences of its acts." *Id.* "Although the courts recognize that there is 'no exact line' that can be drawn between ordinary and gross negligence, in general, the situation must be 'highly dangerous.'" *Phillips v. Super Servs. Holding, LLC*, 189 F. Supp. 3d 640, 655 (S.D. Tex. 2016) (quoting *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993)). Evidence of ordinary negligence is not enough to establish either the objective or subjective elements of gross negligence. *Id.* (citing *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998)).

### i. Flores

"Texas courts have repeatedly made clear that whether a driver is operating a car or a truck, acts that support a finding of ordinary negligence, such as a party's failure to obey traffic laws, will not support a finding of gross negligence." *Phillips*, 189 F. Supp. 3d at 656 (collecting cases). Here, the record suggests nothing more than a failure to yield. Defendants argue that a failure to yield, without more, does not support a finding of gross negligence. Hanson fails to rebut this position. Accordingly, summary judgment is appropriate.

### ii. Werner Enterprises

A corporation may be liable for gross negligence under Texas law when it authorizes or ratifies an agent's gross negligence, commits gross negligence through the actions of a vice

9

principal, or is grossly negligent in hiring an unfit agent. *Mobil Oil Corp.*, 968 S.W.2d at 921-22 (citing *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387 (Tex. 1997)). However, as discussed *supra* Part III.B.i, the Court concludes that summary judgment is appropriate to preclude Hanson's claim of gross negligence against Flores. Accordingly, there is no basis to find Werner Enterprises grossly negligent via *respondeat superior*. Furthermore, as discussed *supra* Parts III.A.i, iv, & v, the Court concludes that summary judgment is appropriate to preclude the claims of ordinary negligence against Werner Enterprises for hiring, retaining and entrusting Flores. Accordingly, there is no basis to find Werner Enterprises grossly negligent for hiring, retaining and entrusting Flores.

Regarding Hanson's claims of gross negligence in training and supervision, the fact that Flores was driving a large vehicle does not establish an extreme risk. *Phillips*, 189 F. Supp. 3d at 656. Further, evidence of negligent training of the driver of an 18-wheeler also does not establish extreme risk. See *Alpizar v. John Christner Trucking, LLC*, 2019 WL 1643743, at *7 (W.D. Tex. April 16, 2019) ("A general failure to create a 'culture of safety' through lack of ongoing training may in some circumstances create a fact issue on negligence but is not clear and convincing evidence of gross negligence). However, evidence that Werner Enterprises did not provide Flores the scope of training mandated by company policy and that Werner Enterprises allowed Flores to drive solo prior to passage of driver safety test, is circumstantial evidence that is suggestive of dishonestly passing Flores. The sum of this evidence is sufficient to defeat summary judgment. Accordingly, summary judgment is not appropriate with respect to the claims of gross negligent in training and supervision.

### C. Direct Negligence against Werner Enterprises

Some courts have held that when only ordinary negligence is advanced, a claim of negligent training and supervision and a claim of negligence via *respondeat superior* are mutually exclusive. See, *e.g.*, *Trinh v. Hunter*, No. SA-20-CV-00725-JKP, 2022 WL 6813293, at *5 (W.D. Tex. Oct. 11, 2022) (compiling and discussing state and federal Texas cases finding mutual exclusion when only ordinary negligence is advance). However, in the instant suit ordinary negligence against Flores was not challenged via summary judgment and a genuine issue of fact exists as to the claim of gross negligence in training and supervision of Flores by Werner Enterprises. Under these circumstances, the claims are not mutually exclusive. See, *e.g.*, *McDorman ex rel. Connelly v. Texas–Cola Leasing Co.*, 288 F.Supp.2d 796, 810 (N.D.Tex.2003) (noting that under Texas law where only ordinary negligence is alleged, negligent hiring and *respondeat superior* are mutually exclusive modes of recovery, while, on the other hand, a claim of grossly negligent hiring will preclude the owner from stipulating to vicarious liability for its employee's negligent acts so as to escape independent liability); *Williams v. McCollister,* 671 F. Supp. 2d 884, 888-889 (S.D. Tex. 2009) (same). Accordingly, summary judgment is not appropriate as to Hanson's claim of direct negligence against Werner so long as the claims of gross negligence in training and supervision survive.

### IV. Negligence *Per Se*

When a statute includes an ordinary-prudent-person standard, the negligence *per se* doctrine cannot apply to the case because the statute implicates the same standard of conduct as the common-law standard of ordinary care. *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App.—Texarkana 2002, pet. denied); see also *Rivera v. Thanh Chi Nguyen*, 2019

11

WL 4999055, at *4 (W.D. Tex. July 22, 2019), report and recommendation adopted, 2019 WL 5026928 (W.D. Tex. Aug. 6, 2019).

Hanson's complaint cites violations of Section 521.459 of the Texas Transportation Code specifically and federal and state laws and regulations generally. Defendants argue that Section 521.459 of the Texas Transportation Code does not impose a standard beyond that of ordinary care and therefore fails as a basis for negligence *per se*. Dkt. No. 51 at 18. Regarding the more general citation to federal and state laws and regulations, defendants argue negligence *per se* is not appropriate in the absence of an identified statute. Hanson does not rebut either argument. Accordingly, summary judgment is appropriate. While the doctrine of negligence *per se* will not be presented to the jury, they may be told of the statutes that Plaintiff contends were violated.

**V.     Conclusion**

For the reasons discussed above, summary judgment is **GRANTED IN PART** dismissing Hanson's claim against Flores for gross negligence and negligence *per se* and dismissing Hanson's claims against Werner Enterprises for negligent hiring, retention, and entrustment of Flores. Otherwise, summary judgment is **DENIED.**

**SIGNED this 19th day of December, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE