IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SARAH LYNNE HANSON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:21-cv-00245-RSP |
| § | |
| WERNER ENTERPRISES, INC. and § | |
| ANGELO MIGUEL FLORES, § | |
| § | |
| *Defendants*. § | |

## **MEMORANDUM ORDER**

Before the Court defendants Werner Enterprises, Inc. and Angelo Miguel Flores move to exclude expert testimony and for partial summary judgment against certain medical claims. Dkt. No. 57.

Defendants argue that plaintiff Sarah Hanson's disclosures for some 25 treating providers and physicians pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) are inadequate and boilerplate and the testimony should therefore be excluded.[1] In response, Hanson argues for the adequacy of disclosures provided for three treating doctors: Dr. Aaron Calodney, M.D.; Dr. Charles Gordon, M.D.; and Dr. Barry Pilcher, D.C. Plaintiff argues that her disclosures support admission of testimony of each of the three providers concerning (1) the treatment they provided to Plaintiff, (2) the cause of the injuries for which they treated her, (3) her prognosis (which may include the need for further treatment) regarding recovery from those injuries, and (4) the cost and reasonableness of the charges for that treatment. More controversially, Plaintiff contends that Drs. Calodney and Gordon should be permitted to testify as to the cost of her future care, which they

---

[1] Defendants make many arguments in brief relating to what they contend are patterns revealed by Plaintiff's counsel in other cases. There is no basis for these arguments in this record, and they are disregarded by the Court.

1

disclosed on October 17, 2022 to be $435,008.80 and $550,000.00, respectively.[2] This was after even the extended deadline for expert disclosures under the Docket Control Order.

The purpose of Federal Rule of Civil Procedure 26(a)(2)(C) in this context is to provide notice as to the scope of a treating physician's expected testimony while not burdening the doctor in a manner that would discourage treatment of individuals who get involved in litigation. It is expected that the doctor's clinical notes will provide the basic information concerning the patient's treatment and condition. However, those clinical notes often do not reflect a variety of opinions that a treating physician may be competent to render, such as causation of the injuries, work restrictions caused by the injuries, need for future medical care, the cost of such medical care, and the like. If the patient's lawyer wants to preserve the option to elicit those opinions at trial, it is incumbent on that lawyer to provide the disclosures outlined in Rule 26(a)(2)(C). The purpose of that disclosure is to inform the defendant that such opinions may be offered so that a deposition can be taken to discover the details of that testimony.

A retained expert's report must include "a complete statement of all opinions the witness will express and the basis and reasons for them," along with "the facts or data considered by the witness in forming them." The retained expert must also provide his qualifications, publications, past cases and depositions, and fee records. Rule 26(a)(2)(B). By contrast the treating physician disclosure need only provide the "subject matter" and a "summary of the facts and opinions." The disclosure is obviously far less detailed than a retained expert's report, but that is because the report is designed to constrain the testimony, whereas the disclosure is designed to give notice of what to cover at a deposition. It is not expected that the disclosure, unlike the report, can take the place of a deposition.

---

[2] These numbers were actually provided as a "computation of damages" under Rule 26(a)(1), rather than as expert disclosures under Rule 26(a)(2)(C). Dkt. No. 57-10 at 9.

2

In this case, the disclosure is in two parts: a lengthy introduction applicable to all providers, which includes:

> "Such medical care practitioners are expected to testify concerning the causation, duration and/or extent of the Plaintiff's injuries, including the injuries, disabilities and limitations that were caused by the accident, as well as to the treatment provided to Plaintiff in the past and which, in reasonable medical probability, will be necessary in the future to treat the injuries Plaintiff sustained in the accident, along with the reasonableness and necessity of the charges incurred and to be incurred in the future by Plaintiff. Specifically, it is anticipated that the medical care practitioner will testify that the injuries and symptoms suffered by Plaintiff following the accident were cause by the accident made the basis of this lawsuit, that Plaintiff will continue to suffer from such injuries for the remainder of her life, that the injuries and symptoms cause Plaintiff to suffer physical pain, physical limitations, mental anguish and disfigurement, that the treatment provided to Plaintiff following the accident (and the charges for such treatment) was reasonable and necessary as a result of the accident, and that Plaintiff will continue to require medical treatment into the future as a result of the accident, including surgery, medications, imaging, physical therapy and//or pain management." Dkt. No. 57-9 at 4.

Thereafter follows a listing of the 25 identified providers, each with the statement that the provider is "expected to provide testimony concerning Plaintiff's past and future medical care and the cause, nature, extent, evaluation, effects and prognosis of the injuries and damages suffered by Plaintiff. Dkt. No. 57-9. This disclosure passes the minimum requirements of Rule 26 for the four categories of opinions that are identified on the first page of this Order, except on two grounds. First, the providing of a disclosure as to all 25 providers, without any distinction among them, frustrated one of the goals of the rule, which is to allow the defendant to know whom to depose for further understanding of the expected testimony. For this reason, the Court will consider a prompt request by Defendants to depose Drs. Gordon, Calodney and/or Pilcher. Second, the disclosure of the very large and specific figures for future medical care by Drs. Gordon and Calodney does not fall within the role of a treating physician within the spirit of Rule 26. Accordingly, if Plaintiff wants to present that testimony to the jury, she will have to provide a report detailing the components that make up those figures before the deposition of the doctors. Counsel are directed to meet and confer

3

on these two issues, the future medical cost reports and the depositions of the doctors. If they do not reach agreement, they are directed to file a joint notice by December 29 setting out the position of each side.

Defendants raise many issues regarding the scope of the opinions that the treating doctors should be permitted to express at trial.[3] Those issues will be decided during trial.

Except as provided above, Defendants' Motion to Exclude Expert Testimony and For Partial Summary Judgment on Certain Medical Claims is **DENIED**.

**SIGNED this 21st day of December, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[3] This includes the question whether Dr. Gordon is a treating physician, which is not adequately explored in the record of this motion. This Court has routinely held, and expects to so rule in this case, that treating physicians are competent to opine on the causation of the injuries that they treat. Whether they have knowledge of all relevant facts is something properly explored on cross-examination.